UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14484-ROSENBERG/MAYNARD

ANGELA WILKINSON,

    Plaintiff,

vs.

CITY OF FORT PIERCE,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss at docket entry 11. The Motion has been fully briefed. For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff is an employee of the Defendant, the City of Fort Pierce. Plaintiff filed an Amended Complaint on May 14, 2020, alleging that during her employment she was subjected to a gender-based hostile work environment (counts one and two), that she was subjected to age-based discrimination (counts three and four), and that she was retaliated against after complaining about unlawful conduct (counts five through ten). Because of the vulgar nature of some of Plaintiff's allegations, the Court does not set forth any specifics here. Suffice it to say that Plaintiff's former supervisor is alleged to have made many improper remarks about his female colleagues in the presence of Plaintiff. Before the Court is Defendant's Motion to Dismiss wherein Plaintiff contends that the entire Amended Complaint should be dismissed with prejudice.

### II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012). At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All that is required is that there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III.   ANALYSIS

Defendant challenges each of Plaintiff's ten counts. The Court first addresses Plaintiff's gender-based discrimination counts before turning to Plaintiff's age-based discrimination counts and retaliation-based counts.

Defendant argues that Plaintiff's first two counts for a gender-based hostile work environment must be dismissed because Plaintiff has failed to state a claim. To prevail on a claim of hostile work environment as alleged, Plaintiff must demonstrate: (1) she belongs to a protected group; (2) she has been subject to unwelcome harassment; (3) the harassment was based on her sex; (4) the harassment was sufficiently severe or pervasive so as to alter the terms and conditions of her employment and create a discriminatory abusive working environment; and (5) a basis for holding the employer liable. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)).

Defendant argues that Plaintiff has not properly alleged the second element—harassment that Plaintiff was subjected to—because many of Plaintiff's allegations about improper comments did not pertain to Plaintiff's body and instead pertained to other co-workers. Defendant also argues that many of Plaintiff's allegations pertain to workplace conduct that occurred after Plaintiff left the workplace via a transfer. While both of Defendant's contentions have some merit, the Court

must view the Complaint in the light most beneficial to Plaintiff.  Viewed in that light, allegations pertaining to conduct in the workplace after Plaintiff left via transfer could tend to prove Plaintiff's allegations that the same conduct took place in front of her.  Similarly, allegations pertaining to comments about the bodies of other female co-workers could tend to prove that Plaintiff herself was subjected to a hostile work environment when, as here, it is alleged that:

> Mr. Messer engaged in behavior that an outside law firm's investigator concluded "violated the Federally (sic) protected rights of [[Plaintiff] and three other women who had complained] as to prohibited harassment based on sex," DE 9, at ¶ 23, which included constantly sexualizing the workplace with comments on various women's breasts, ¶ 26(a); opining on which women were "hot," ¶ 26(b); asking [Plaintiff] for personal information on women he found attractive, ¶ 26(c); commenting to women employees about the fit of their clothes and their weight, ¶ 26(d) and (f); repeatedly telling lewd stories to his all-female staff, ¶ 26(e); suggesting that one of his female assistant city attorneys was in an extramarital relationship, ¶ 26(g); referring to a nursing mother as "Milk Maid" and to her office as the "lactation room," ¶ 27, and commenting to the city manager's executive assistant about the size of the city manager's "member" after the he and the city manager had made a joint trip to the men's room.
>
> . . .
>
> Mr. Messer's continuous sex-laced drivel was pervasive enough that four women complained about it and the outside investigator found it to be serious. That impacted the workplace environment and created a hostile environment.

DE 22 at 6-7.  The Court is satisfied that Plaintiff has alleged enough to survive a motion to dismiss for failure to state a claim.  The Court can plausibly infer that Plaintiff was subjected to a gender-based hostile work environment prior to her transfer to another position.

Next, Defendant argues that Plaintiff has failed to allege a claim for age-based discrimination, counts three and four.  Defendant contends that at no point does the Amended Complaint allege facts pertaining to age discrimination and instead focuses exclusively on gender-based discrimination.  Upon review of the Amended Complaint, the Court agrees with Defendant—the Court is unable to locate any specific, age-based allegation of discrimination.  In

3

Response, Plaintiff does not cite to any allegation in the Amended Complaint from which the Court could plausibly infer age-based discrimination. Instead, Plaintiff merely states that she is over forty years of age and that she was replaced by a younger worker. Although the Court accepts those facts as true, Plaintiff must still plausibly allege unlawful, age-based discriminatory conduct by Defendant. Because Plaintiff has failed to plausibly allege a claim for age-based discrimination, Plaintiff's third and fourth counts are dismissed. Because the deadline for Plaintiff to amend pleadings expired on July 23, 2020, the Court's dismissal is without leave to amend.[1]

Finally, Defendant contends that Plaintiff's retaliation counts—counts five through ten—must be dismissed because Plaintiff has failed to allege any retaliatory activity after she engaged in protected activity. More specifically, Plaintiff alleges that she made a complaint to the Defendant in July of 2018 and that she filed a charge of discrimination the following August. Accepting that both of those actions were protected activity, Defendant contends the Amended Complaint is devoid of any retaliation after those dates because Plaintiff had already been transferred to a different position *prior* to her protected activity.

In Response, Plaintiff contends that she was retaliated against after the above-referenced protected activity. Plaintiff alleges that she was reclassified to a lower pay grade (although her salary was not reduced), DE 9 at 13, and that she was assigned to a position with fewer responsibilities of significance. *Id.* at 13-14. As a result, Plaintiff argues that her future promotion prospects have been diminished.

Defendant's position does have merit. By way of example, Plaintiff's Amended Complaint alleges retaliatory activity after December 2017, but was that activity before Plaintiff's protected

---

[1] Plaintiff was on notice of the deficiencies in her Amended Complaint as early as June 4, 2020—the date upon which Defendant filed its Motion to Dismiss. At no point did Plaintiff seek leave of Court to file a Second Amended Complaint.

4

activity in 2018 or after? The Amended Complaint is unclear. Even so, after consideration, the Court concludes that this is a matter best addressed through discovery and at the summary judgment stage when Defendant may cite to facts outside of Plaintiff's Amended Complaint. It may be, as Defendant contends, that Plaintiff cannot point to retaliatory activity after her protected activity. It may be, as Plaintiff contends, that the nature of Plaintiff's position, post-protected activity, is such that retaliation may be found. The Court's resolution of this matter will benefit from the consideration of evidence on the nature, scope, and conditions of Plaintiff's position after she engaged in protected activity. At the motion to dismiss stage, however, the Court is not prepared to conclude that Plaintiff has failed to allege retaliatory activity. Counts five through ten survive.

## IV. CONCLUSION

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 11] is **GRANTED IN PART AND DENIED IN PART** insofar as Plaintiff's third and fourth counts are **DISMISSED WITHOUT LEAVE TO AMEND**. All other counts survive. Defendant shall file an answer within seven (7) days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 13th day of August, 2020.

ROBIN L. ROSENBERG
United States District Court Judge